**UNITED STATES of America, Plaintiff-Appellee,**

v.

**BLUE WATER MARINE INDUSTRIES, INC., Defendant-Appellant.**

**No. 80–3070.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 18, 1981.

Decided Nov. 16, 1981.

---

Edward C. Biele, Seattle, Wash., for defendant-appellant.

James B. Friderici, Sp. Asst. U. S. Atty., Anchorage, Alaska, for plaintiff-appellee.

Before SKOPIL, FLETCHER, and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

The United States Coast Guard District Commander assessed five civil penalties totaling $1,150.00 against Blue Water Marine Industries, Inc.[1] The Coast Guard Commandant affirmed. The matter was submitted to the district court on a motion for summary judgment upon stipulated facts.[2] The court granted summary judgment for the United States, holding that two oceanographic research vessels chartered by Blue Water were subject to the merchant vessel manning statutes, 46 U.S.C. §§ 672(a), 672(i), 673 (1976). We affirm.

The primary issue is whether the oceanographic research vessels are "merchant vessels" for purposes of the manning statutes. The district court found that the Oceanographic Research Vessels Act, 46 U.S.C. §§ 441–445 (1976) [ORVA],[3] did not, by its

---

1. The penalty assessments were based on allegations that Blue Water: (1) operated the vessel SITKIN with a deck crew, exclusive of licensed officers, of which less than 65% had ratings not less than able seaman, in violation of 46 U.S.C. § 672(a) ($250.00 penalty); (2) similarly operated the vessel SEA BIRD in violation of section 672(a) ($250.00 penalty); (3) operated SITKIN by employing persons without certificates of service in violation of 46 U.S.C. § 672(i) ($150.00 penalty); (4) operated SITKIN without dividing the crew into at least three watches in violation of 46 U.S.C. § 673 ($250.00 penalty); and (5) similarly operated SEA BIRD in violation of section 673 ($250.00 penalty).

2. The stipulation conceded facts supporting all five alleged statutory violations. It provided that both the SITKIN and the SEA BIRD were "oceanographic research vessels" within 46 U.S.C. §§ 441–445 (1976). It further provided that neither vessel carried or transported cargo for hire and that Blue Water was not engaged in the transportation of passengers or cargo for hire.

3. ORVA, 46 U.S.C. §§ 441–445, provides:

§ 441. Exemption of oceanographic research vessels from inspection laws; definitions

As used in sections 441 to 445 of this title—

(1) the term "oceanographic research vessel" means a vessel which the Secretary of [Transportation] finds is being employed exclusively in instruction in oceanography or limnology, or both, or exclusively in oceanographic research, including, but not limited to, such studies pertaining to the sea as seismic, gravity meter and magnetic exploration and other marine geophysical or geological surveys, atmospheric research, and biological research;

(2) the term "scientific personnel" means persons who are aboard a vessel solely for the purpose of engaging in scientific research, instructing, or receiving instruction, in oceanography or limnology.

§ 442. Vessel not considered passenger vessel

terms, exempt such vessels from compliance with sections 672 and 673 as "merchant vessels." Blue Water argues that the term "merchant vessel" in the manning statutes means a vessel "engaged in trade or commerce" and therefore does not encompass its research vessels. We should only need to look to the regulations for a clear definition of "merchant vessel." We should not be required to define in the first instance terms critical to the proper enforcement of the manning statutes. The definition suggested by Blue Water is compelling in its logic; we might adopt it but for the regulations which, as deficient as they may be, indicate that "merchant vessels" are not limited to those engaged in trade or commerce.

Blue Water relies on the common law, on ORVA, and on Coast Guard conduct prior and subsequent to the enactment of ORVA to support its contention that oceanographic research vessels are not "merchant vessels" within the meaning of the manning statutes. First, the cases on which it relies for a common law exception are not persuasive, because they define "merchant vessels" for the purposes of other, discrete statutes. *See, e. g., Corpus Co. v. United States*, 350 F.Supp. 1397, 1399, 1402 (Cust.Ct.1972) (Tariff Act of 1930); *United States v. The Reefer King*, 90 F.Supp. 236, 237–38 (W.D. Wash.1950) (Load Line Act); *In re Jupp*, 274 F. 494, 495 (W.D.Wash.1921) (Naturalization Act). None of these cases defines a "merchant vessel" for purposes of the manning statutes.

■ Second, contrary to Blue Water's contention, ORVA neither explicitly nor implicitly appears to exempt oceanographic research vessels from the manning statutes. Although the pertinent language of ORVA has no plain meaning and the legislative history is less than clear, section 443 of the act may have been intended merely to eliminate the possibility that commercially-operated research vessels would be excluded from ORVA's coverage, as the district court believed, or to exempt time-chartered research vessels over 15 gross tons from inspection as vessels carrying freight for hire, *see* 46 C.F.R. § 90.05, Table 90.05–1(a) (1980). Either or both of these interpretations of section 443 are consistent with other ORVA provisions without rendering, as Blue Water's interpretation would, those provisions meaningless or redundant. *See Hughes Air Corp. v. Public Utilities Commission*, 644 F.2d 1334, 1338 (9th Cir. 1981) (rule of statutory construction); *United States v. Marubeni America Corp.*, 611 F.2d 763, 767 (9th Cir. 1980) (same). The interpretation of the manning statutes and of ORVA by the Coast Guard, as the agency charged with administering and enforcing those statutes, is entitled to deference in matters of statutory construction. *See, e. g., Russ v. Wilkins*, 624 F.2d 914, 922–23 (9th Cir. 1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1976, 68 L.Ed.2d 296 (1981).

Finally, neither pre- nor post-ORVA conduct by the Coast Guard compels a different result. The United States' interpretations of Commander Benkert's testimony at the ORVA hearings and of Captain Foster's response to the "Gillhooly" letter are reasonable.

An oceanographic research vessel shall not be considered a passenger vessel, a vessel carrying passengers, or a passenger-carrying vessel under the provisions of the laws relating to the inspection and manning of merchant vessels by reason of the carriage of scientific personnel.

§ 443. Vessel not engaged in trade or commerce

An oceanographic research vessel shall not be deemed to be engaged in trade or commerce.

§ 444. Scientific personnel not considered seamen

Scientific personnel on an oceanographic research vessel shall not be considered seamen under the provisions of title 53 of the Revised Statutes and Act[s] amendatory thereof or supplementary thereto. (Footnote omitted.)

§ 445. Exemption by regulation

If the Secretary of [Transportation] determines that the application to any oceanographic research vessel of any provision of title 52 or title 53 of the Revised Statutes, or Acts amendatory thereof or supplementary thereto, is not necessary in the performance of the mission of the vessel, he may by regulation exempt any such vessel from such provision, upon such terms and conditions as he may specify.

■ The purpose of the pertinent statutes is relevant in reviewing the district court's holding. Safety legislation, such as the manning statutes here, should be liberally construed to effectuate the congressional purpose. *See, e. g., Magma Copper Co. v. Secretary of Labor*, 645 F.2d 694, 697 (9th Cir. 1981). The purpose of section 673 has been consistently interpreted as one of promoting safety at sea and courts have been "loathe [sic] to permit the slightest variance from the plain language of the statute." *District 2, Marine Engineers Beneficial Association v. Adams*, 447 F.Supp. 72, 79 (N.D.Ohio 1977) (citing *O'Hara v. Luckenbach S. S. Co.*, 269 U.S. 364, 368, 46 S.Ct. 157, 158, 70 L.Ed. 313 (1926)). *Accord, Pacific Shrimp Co. v. United States*, 375 F.Supp. 1036, 1042 (W.D.Wash.1974) ("Exemptions from such legislation must be given a strict construction and should not be enlarged by implication where made in detail.") (footnotes omitted) (interpreting section 367). We find the policy underlying these statements to be persuasive. Further, witnesses testifying at the ORVA hearings in the House were unanimous in their interpretation of the act as not affecting safety requirements for oceanographic research vessels. *See, e. g., Oceanographic Research Vessels Exemption: Hearings Before the Subcommittee on Oceanography of the Committee on Merchant Marine and Fisheries on H.R. 3419 and H.R. 7320*, 89th Cong., 1st Sess. 14 (May 4–5, 1965) (testimony of Commander Benkert, U. S. Coast Guard); *id.* at 45 (statement of Mr. Leiby, Chairman of Research Vessels Operator's Council). *See generally Church of Scientology v. United States Department of Justice*, 612 F.2d 417, 421–22 (9th Cir. 1979) (resort to legislative history appropriate when undefined term in statute must be construed); *Levy v. Urbach*, 651 F.2d 1278, 1284 (9th Cir. 1981).

■ We therefore accept the Coast Guard's definition of "merchant vessels" as encompassing oceanographic research vessels for purposes of the manning statutes. It is reasonable, *see, e. g., Columbia Basin Land Protection Association v. Schlesinger*, 643 F.2d 585, 600 (9th Cir. 1981), and is consistent with the liberal construction to be given to the manning provisions.

Affirmed.